UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

ERIC EMMONS,

    Plaintiff,

v.                                4:04-cv-87

CHRIS THORNTON,

    Defendant.

## MEMORANDUM OPINION

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the defendant's motion to dismiss. Plaintiff has not filed a response to the motion to dismiss and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Court File No. 11] will be **GRANTED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

I.     Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.    Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction. He brought this action during his confinement in the Lincoln County Correctional Facility. Plaintiff's complaint concerns an alleged denial of medical care based upon race discrimination. Plaintiff alleges that at midnight on August 4, 2004, he was bitten by a spider while asleep. He filled out a sick call on August 6, but did not see the nurse until August 9, and his arm was very swollen by that time; he never saw the doctor. Plaintiff alleges he did not receive immediate medical attention because he is black. The defendant is Jail Administrator Chris Thornton.

III.  Discussion

Plaintiff has made no factual allegation that defendant Thornton played a role in depriving plaintiff of any constitutional right; he did not state in his complaint that defendant Thornton was involved in plaintiff's medical treatment or made any decisions in that regard. Plaintiff apparently brought this action against defendant Thornton in his supervisory role. In a suit brought under § 1983, however, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

The only allegation against defendant Thornton is that he responded to plaintiff's grievance. However, "[a] combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Henry v. Pogats*, No. 93-2462 (6th Cir. August 25, 1994) (UNPUBLISHED DECISION), 35 F.3d 565 (TABLE, TEXT IN WESTLAW, 1994 WL 462129 *2) (citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir.1988)).

IV.     Conclusion

The plaintiff has failed to state a claim for relief against defendant Thornton. For that reason, the defendant's motion to dismiss will be **GRANTED**. All other pending motions will be **DENIED** as **MOOT**. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.


**AN APPROPRIATE ORDER WILL ENTER.**

                                                            *s/ James H. Jarvis*
                                              UNITED STATES DISTRICT JUDGE